not pay much attention to papers she received by mail, further fails to explain why the co-op would have so assured her. The record before us shows that defendant knew she had defaulted on a loan secured by the property, and that she had received multiple notices from plaintiff of her default, and of its intent to collect the debt, and to foreclose and sell the property at a public auction, if necessary. Under the circumstances, defendant fails to show how her reliance on any alleged assurances from the co-op could have been reasonable (*see Wells Fargo Bank, N.A. v Dysinger*, 149 AD3d 1551 [4th Dept 2017]; *Di Gangi v Schiffgens*, 90 AD2d 805 [2d Dept 1982]).

Given the lack of a reasonable excuse for her default, it is not necessary for us to consider whether defendant demonstrated the existence of a meritorious defense (*see Gecaj*, 149 AD3d at 607). Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.

■ In the Matter of JAMES PETTUS, Petitioner, v WILMA GUZMAN et al., Respondents. [64 NYS3d 543]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.

■ In the Matter of JAMES PETTUS, Petitioner, v FERNANDO TAPIA et al., Respondents. [64 NYS3d 544]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.

■ In the Matter of JAMES PETTUS, Petitioner, v JAMES W. HUBERT, Respondent. [64 NYS3d 544]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or

disbursements. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR WATSON, Appellant. [64 NYS3d 544]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered January 8, 2016, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal, which forecloses his claims that the sentence court misperceived its discretion, and that the sentence was excessive. The oral colloquy, in which the court separated the right to appeal from the rights automatically given up by pleading guilty, along with the written waiver, satisfied the requirements for a valid waiver (*see People v Bryant*, 28 NY3d 1094 [2016]).

Regardless of whether defendant made a valid waiver of his right to appeal, he failed to preserve his claim that the court failed to exercise its sentencing discretion (*see People v Fishman*, 14 AD3d 411 [1st Dept 2005], *lv denied* 4 NY3d 853 [2005]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Even if the court mistakenly believed that it had no discretion to impose a lower sentence than called for under the plea agreement, there would be no need to remand for resentencing because the court expressed no reservations about that sentence (*see id.*). On the contrary, the court stated that it was not "inclined" to impose a lower sentence in any event.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.

■ JOSE A. MARTE LOPEZ, Respondent, v GOLAN ACHDARY, Appellant, et al., Defendants. [64 NYS3d 220]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about September 26, 2016, which denied defendant Golan Achdary's motion for summary judgment dismissing the complaint and cross claim as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.